UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

RONALD DWIGHT SMITH #656788,

        Plaintiff,              Case No. 2:10-cv-117

v.                                    Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, P*UB*. L. N*O*. 104-134, 110 S*TAT*. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff Ronald Dwight Smith, a state prisoner currently confined at the Marquette Branch Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff names MDOC Director Patricia Caruso, Dennis Strub, Catherine Bauman, Daniel Lesatz, Jennifer Nayback, Robert D. Russell, Veda Dove, and Ronald Harris as defendants.

In Plaintiff's complaint, he alleges that while he was confined at the Alger Maximum Correctional Facility in December of 2009, Defendant Harris denied Plaintiff postage for expedited legal mail because Plaintiff refused to present the outgoing mail to Defendant Harris in an "unsealed" condition. Plaintiff filed a grievance and appealed the denial to step III, without avail. Plaintiff states that Defendants Dove, Bauman, Russell, Nayback, Lesatz, Strub and Caruso improperly denied him relief from Defendant Harris' misconduct. Plaintiff seeks damages.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff appears to be claiming that Defendants' conduct constituted censorship of his outgoing legal mail. The step I response to grievance number LMF 09 12 4401 15D, which is attached to Plaintiff's complaint, states:

> In accordance with PD [policy directive] 05.03.118, OP [operating procedure] 05.03.118, and PD 04.02.120, the prisoner lacks sufficient funds to pay for his legal and non legal mail. Therefore, he must present the items unsealed so that the [Assistant Resident Unit Supervisor] or [Resident Unit Manager] can verify that they are legal mail to a court, attorney, or party to the lawsuit necessary for pending litigation. **After this rather simple procedure, it is then that the staff member will seal the mail up and process it as a loan.** (Emphasis in original.)

In addition, the step II response to this grievance states:

> A review of your Step II Grievance Appeal has been completed. As stated at Step I staff can scan mail out going legal mail [sic] to see if it meets the criteria for expedited consideration. By the wording of your Step II, it would appear that your mail was turned in to the [Assistant Resident Unit Supervisor] sealed, thus unable to be verified if it did fit the criterial for expedited mail.

A review of the complaint and attachments in this case fail to show that any of the named Defendants actually read Plaintiff's mail or acted in violation of the MDOC's policy on this issue. The court concludes that Plaintiff's claim lacks merit because the policy does not involve censorship, and clearly furthers institutional interests of order and security. *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974) (a policy regulating outgoing mail must "further an important or substantial governmental interest unrelated to the suppression of expression," and extend no further "than is necessary or essential to the protection of the particular governmental interest involved"); *Bell-Bey v. Williams*, 87 F.3d 832, 838 (6th Cir. 1996) (holding that a policy requiring inspection of mail to determine if it was legal mail entitling the prisoner to a postage loan did not involve censorship, and thus, was unrelated to the suppression of free expression); *Meadows v. Hopkins*, 713 F.2d 206 (6th Cir. 1983) (holding that a regulation allowing prison officials to censor specified types of outgoing mail was constitutionally valid).

Moreover, liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly

unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims

cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Bauman, Lesatz, Nayback, Russell or Dove were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Bauman, Lesatz, Nayback, Russell and Dove had in this action involve the denial of administrative grievances or the failure to act. Defendants Bauman, Lesatz, Nayback, Russell and Dove cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Bauman, Lesatz, Nayback, Russell and Dove are properly dismissed for lack of personal involvement.[1]

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

---

[1] To the extent that Plaintiff is suing the individual Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     7/6/2010                    /s/ R. Allan Edgar
                                       R. Allan Edgar
                                       United States District Judge